UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISOSTOMO P. VILLANUEVA,<br><br>Plaintiff,<br><br>v.<br><br>FIRST FEDERAL BANK OF CALIFORNIA, et al.,<br><br>Defendants. | No.  2:14-cv-2012-TLN-KJN PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff Crisostomo Villanueva, who proceeds without counsel, commenced this action on August 29, 2014, and paid the filing fee.  (ECF No. 1.)

    That same day, the court issued an "Order Setting Status Conference."  (ECF No. 6.)  The order directed plaintiff to "complete service of process on defendants named in the complaint within 120 days from the date of this order.  Plaintiff is cautioned that this action may be dismissed if service of process is not accomplished within 120 days from the date that the complaint is filed.  See Fed. R. Civ. P. 4(m)."  (Id. at 1.)

    That same order set a status (pre-trial scheduling) conference for January 15, 2015, at 10:00 a.m., and stated that "[a]ll parties shall appear by counsel or in person if acting without counsel."  (ECF No. 6 at 2.)  The order also directed the parties to file a status report addressing specific topics no later than seven (7) days prior to the status conference.  (Id. at 2-3.)  The order

1

specifically cautioned that "[f]ailing to obey federal or local rules, or [an] order of this court, may result in dismissal of this action. This court will construe pro se pleadings liberally, but pro se litigants must comply with the procedural rules." (Id. at 3.)

No status report was filed prior to the January 15, 2015 status conference, and plaintiff failed to appear at the status conference. Additionally, the court's records indicate that no defendant has yet appeared in this case, and there has been no docket activity since plaintiff filed an election to decline the jurisdiction of the magistrate judge for all purposes on September 15, 2014. (ECF No. 7.) Such inactivity strongly suggests that plaintiff has not yet served defendants with process, even though the 120-day period for service of process has now expired. After the status conference, the court considered whether the action should be dismissed given plaintiff's numerous failures. Nevertheless, in light of plaintiff's *pro se* status and the court's general preference to resolve actions on their merits, the court first attempted lesser sanctions.

On January 16, 2015, the court issued an order requiring plaintiff, within fourteen (14) days of the order, to pay the Clerk of Court $250.00 in monetary sanctions based on plaintiff's failure to appear at the status conference and failure to comply with court orders. (ECF No. 9.) The court also directed plaintiff, within fourteen (14) days of the order, to show cause in writing why the case should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) based on plaintiff's failure to prosecute the case and failure to comply with court orders. (Id.) Plaintiff was expressly cautioned that failure to pay the monetary sanctions imposed and file a response to the order to show cause by the required deadline would result in a recommendation that the action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b). (Id.)[1]

Although the deadline for paying the monetary sanctions and responding to the order to show cause has now passed, plaintiff failed to do either. As such, the court now recommends

---

[1] The court notes that its orders have not thus far been returned as undeliverable. Nevertheless, even if they had been, it is plaintiff's duty to keep the court informed of his current address, and service of the court's orders at the address on record was effective absent the filing of a notice of change of address. In relevant part, Local Rule 182(f) provides: "Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective."

dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute the action and failure to comply with court orders.

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local

rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

      Here, the public's interest in expeditious resolution of litigation and the court's need to manage its docket clearly militate in favor of dismissal of this case, in which plaintiff has failed to respond to and comply with the court's orders. Also, even though it is unlikely that defendants have suffered any significant prejudice to date, they continue to be named as defendants in a civil action that plaintiff has effectively abandoned. Thus, at a minimum, defendants, who may be unaware of this action, have been unable to defend their interests and move the action towards a resolution. Furthermore, the court has already attempted less drastic alternatives to a recommendation of dismissal. In particular, the court first imposed monetary sanctions and issued an order to show cause, giving plaintiff an opportunity to explain why his case should not be dismissed. However, as noted above, plaintiff entirely failed to respond to the court's orders. Given plaintiff's demonstrated unwillingness to comply with court orders, the imposition of additional monetary sanctions would likely be futile, and based on the present record, the court is unable to frame any other type of evidentiary or issue sanctions. Finally, although the court is cognizant of the public policy favoring disposition of cases on their merits, the court finds that this factor is outweighed by the other Ferdik factors. Indeed, it is plaintiff's own failure to prosecute the case and failure to comply with court orders that preclude a resolution on the merits.

      Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) based on plaintiff's failure to prosecute the action and failure to comply with court orders.

2. The Clerk of Court be directed to vacate all dates and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated: February 5, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE